## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

RITA S. BARTHELME                                                                                      PLAINTIFF

4:20cv01018-KGB-JJV

ANDREW SAUL, Commissioner,
Social Security Administration                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Rita Barthelme, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty-five years old at the time of the administrative hearing. (Tr. 45.) She testified she went as far as the eleventh grade in school. (*Id.*) She has no past relevant work. (Tr. 28.)

The ALJ[1] found Ms. Barthelme had not engaged in substantial gainful activity since October 31, 2017, the application date. (Tr. 17.) She has "severe" impairments in the form of "degenerative disc disease, unspecified arthropathies, obesity, and depressive disorder." (*Id.*) The ALJ further found Ms. Barthelme did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-21.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Ms. Barthelme had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 21-22.) Since Ms. Barthelme had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert, (Tr. 71-77), the ALJ determined she could perform the jobs of power screwdriver operator, can filling and closing machine tender, and compression molding machine tender. (Tr. 29.) Accordingly, the ALJ determined Ms. Barthelme was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. 12 at 6-11.) She says:

> Plaintiff submits that the crucial issue in Plaintiff's case was RFC during the surgical period encompassed by the three arthroplasties, the right TKA, the left TKA, and the revision removal of failed hardware TKA over in excess of an 11 month period with postoperative acute care extending well past duration. Plaintiff had not yet been released as MMI at the six month mark when she was involved in the 06/03/2019 MVA with multiple fractures, RUE humerus ORIF, RUE radial/ulnar BBFA fractures, RUE vascular injury and emergency vascular repair at UAMS. [Tr. 1081] The ALJ did not leave the record open for those records for the UAMS admission that was one month before the hearing date.

(*Id.* at 7.)

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and

3

quotations omitted). As the Commissioner points out, the medical records from her motor vehicle accident are a part of the extensive record in this case. (Tr. 1081-1102.) Additionally, the matter was discussed at the administrative hearing. (Tr. 46-47.) In his opinion, the ALJ stated, "In addition, the undersigned notes the claimant's recent car accident resulting in upper extremity pain. However, there is no evidence that the injury incurred has lasted 12 months or more." (Tr. 18.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities.

Moreover, Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff also argues that the ALJ incorrectly assessed her subjective symptoms. (Doc. No. 12 at 11-13.) The ALJ analyzed Ms. Barthelme's symptoms in light of Social Security Ruling 16-3p. (Tr. 22-28.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and

>treating and examining physicians relating to such matters as:
>
>1. the claimant's daily activities;
>
>2. the duration, frequency and intensity of the pain;
>
>3. precipitating and aggravating factors;
>
>4. dosage, effectiveness and side effects of medication;
>
>5. functional restrictions.
>
>The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

>I find the ALJ fairly evaluated Plaintiff's subjective complaints, stating:
>
>After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
>The undersigned has considered the totality of the evidence, and balanced the claimant's subjective complaints and testimony against the objective evidence and the medical opinions adduced in this matter. While the evidence reveals that the claimant experiences some limitations as a result of her conditions, the record does not establish that those limitations preclude the claimant form performing work related activities on a continuous and sustained basis.
>
>The undersigned finds that the claimant's statements about the intensity, persistence, and limiting effects of her symptoms is not fully supported throughout the relevant medical records.

(Tr. 22.)

The degree of Ms. Barthelme's alleged limitation is simply not supported by the overall record. For example, as the Commissioner points out, the MRI of Plaintiff's cervical spine showed minor anomalies but nothing disabling. (Tr. 626.) And a few months earlier, Plaintiff

had a normal examination with full range of motion in her back. (Tr. 694.)

The ALJ also noted Plaintiff's activities of daily living. The ALJ stated, "In terms of daily living, the claimant's daily activities, she is able to perform a wide array of activities despite her impairments. She tends to personal care, shops in stores, performs light housework, watches television, and socializes with family. She prepares light meals, and she indicates that she is able to go into the community alone if necessary." (Tr. 26.) These activities are consistent with the demands of light work. Although it is not necessary for a claimant to be completely bedridden or unable to perform any household chores to be considered disabled, Plaintiff's activities and statements do not support an allegation of total disability. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995) (daily caring for one child, driving when unable to find ride and sometimes going to grocery).

The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Barthelme clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some degree of pain and limitation. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 6th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE